# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| THERESA HEGGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:16-cv-00440-TLS-SLC |
| | ) | |
| MAXIM HEALTHCARE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a Motion to Reopen and Extend Motion for Sanctions / Motion to Dismiss Response Deadline (DE 38) filed by Plaintiff Theresa Heggen on December 26, 2017, asking that the Court reopen the discovery period and extend the time for her to respond to the Motion for Sanctions, Including Dismissal of Lawsuit With Prejudice (DE 35) filed by Defendant Maxim Healthcare Services, Inc. ("Maxim"), on December 12, 2017. Maxim filed a response in opposition to the motion to reopen discovery on December 29, 2017 (DE 39), and Heggen filed a reply on January 4, 2018 (DE 40). Thus, the motion is now ripe for ruling.

For the following reasons, the motion to reopen discovery will be DENIED.

### A. *Procedural Background*

Heggen filed this lawsuit against Maxim, her former employer, on December 29, 2016, advancing claims of sexual harassment and unlawful retaliation. (DE 1). On February 21, 2017, the parties filed their Report of Parties' Planning Meeting, which established a deadline of September 29, 2017, for the completion of all discovery. (DE 11). At the preliminary pretrial conference on March 9, 2017, the Court approved and adopted the parties' agreed discovery

1

deadline of September 29, 2017, as an order of the Court. (DE 15).

On August 4, 2017, the Court approved and adopted Maxim's motion for the entry of a proposed protective order agreed to by the parties. (DE 17; DE 18). On October 12, 2017, the Court observed that the discovery period had concluded. (DE 20). The next day, the District Judge set a dispositive motions deadline of December 12, 2017. (DE 21).

On October 18, 2017, Maxim filed a motion for a telephonic status conference, seeking to discuss a discovery dispute concerning Heggen's alleged untruthfulness at her deposition and her purported destruction of evidence from her cell phone. (DE 22). One week later, Heggen's counsel filed a motion to withdraw their representation of Heggen in this case. (DE 27). On October 31, 2017, at a status conference and a hearing on the motion, the Court granted Heggen's counsel's motion to withdraw and then stayed the case for 30 days to allow Heggen time to retain new counsel. (DE 29). On November 22, 2017, new counsel filed an appearance on Heggen's behalf. (DE 30).

On December 12, 2017, Maxim filed a motion for sanctions based on Heggen's alleged discovery misconduct with respect to her deposition and her cell phone recordings. (DE 35). On December 26, 2017, Heggen filed the instant motion, asking that the Court reopen discovery and extend the time for her to file a response to the motion for sanctions. (DE 35).

### B. Applicable Law

The decision to reopen discovery rests within the broad discretion of the Court. *See Ty, Inc. v. Publ'ns Int'l, Ltd.*, 99 C 5565, 2003 WL 21294667, at *6 (N.D. Ill. June 4, 2003); *Reytblatt v. Nuclear Regulatory Comm'n*, No. 86 C 385, 1991 WL 140920, at *2 (N.D. Ill. July 22, 1991). Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only

for good cause and with the judge's consent." The good cause standard focuses on the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997). To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662506, at *1.

### C. Analysis

In the instant motion, Heggen asks that the Court reopen the discovery period, which closed three months earlier on September 29, 2017. Heggen, however, does not address the "good cause" standard in her motion, simply stating that her new counsel had just appeared on November 22, 2017. (DE 38 ¶ 2). She states that the motion for sanctions is fairly complex and revolves around the disappearance of certain recordings, that new counsel needs additional time to familiarize himself with the file, and that "minimal discovery was completed by prior counsel." (DE 38 ¶¶ 3-5).

Heggen, however, does not offer any reasons why her prior counsel purportedly completed just minimal discovery. *See McCann v. Cullinan*, No. 11-cv-50125, 2015 WL 4254226, at *32 (N.D. Ill. July 14, 2015) ("[T]he court's primary inquiry is the diligence of the party seeking the extension." (citing *Alioto*, 651 F.3d at 720)). Nor do Heggen's disagreements or lack of communication with her prior counsel constitute good cause to reopen the discovery period. *See Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994) ("Lack of communication between attorney and client [is] not a basis for showing of good cause." (citation omitted)); *Katsiavelos v. Fed. Reserve Bank of Chi.*, No. 93 C 7724, 1995 WL 398901, at *3 (N.D. Ill. June 30, 1995) (noting that a plaintiff's disagreements or lack of

3

communication with her attorney did not justify an additional extension of a discovery deadline).

Heggen's change in counsel also does not constitute good cause to reopen the discovery period. "There is no principle that each new attorney for a litigant must have an independent opportunity to conduct discovery." *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996). The parties had almost seven months to complete discovery in this case, which is sufficient time. *See id.* ("The seven-month discovery period was ample[.]"). "Shortcomings in counsel's work come to rest with the party represented." *Id.* (citation omitted). Thus, prior counsel's purported performance of only minimal discovery does not constitute good cause to reopen discovery under Rule 16(b), or at least on this record, excusable neglect under Rule 6(b). *See, e.g.*, *Turner v. Office of Sheriff of Crawford Cty.*, No. 08-cv-837-JPG, 2009 WL 2252242, at *3 (S.D. Ill. July 29, 2009).

"[T]his Court takes seriously the scheduling orders it issues—and so should the litigants." *S.E.C. v. Lipson*, No. 97 C 2661, 1999 WL 104357, at *2 (N.D. Ill. Feb. 24, 1999). "[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (internal quotation marks and citation omitted); *see Custom Foam Works, Inc. v. Hydrotech Sys., Ltd.*, No. 09-cv-710-MJR, 2011 WL 2161106, at *3 (S.D. Ill. June 1, 2011) ("[D]eadlines have meaning and consequences." (collecting cases)). "One who decides to follow a schedule of [her] own devising, for reasons of [her] own invention, has no legitimate complaint when the tribunal adheres to the rules." *Vakharia v. Little Co. of Mary Hosp.*, No. 94 C 5599, 2002 WL 485362, at *5 (N.D. Ill. Mar. 29, 2002) (quoting *White v. Bensten*, 31 F.3d 474, 476 (7th Cir. 1994)).

Consequently, Heggen's motion to reopen the discovery period will be DENIED.

4

### *D. Conclusion*

For the foregoing reasons, the Motion to Reopen and Extend Motion for Sanctions / Motion to Dismiss Response Deadline (DE 38) is DENIED.  Heggen is afforded up to and including January 24, 2018, to file a response to Maxim's Motion for Sanctions, Including Dismissal of Lawsuit With Prejudice (DE 35).

SO ORDERED.

Entered this 10th day of January 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge