# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| THERESA HEGGEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:16-cv-00440-TLS-SLC |
| | ) |
| MAXIM HEALTHCARE SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

On April 27, 2018, this Court granted Defendant Maxim Healthcare Services, Inc.'s ("Maxim") motion for sanctions to the extent that the Court ordered Plaintiff Theresa Heggen to pay the reasonable expenses, including attorney fees, that Maxim incurred in filing the motion for sanctions stemming from Heggen's actions in discovery. (DE 52). On May 16, 2018, Maxim filed its bill of fees related to the motion for sanctions, seeking attorney fees in the amount of $6,825. (DE 53). On May 31, 2018, Heggen filed a response in opposition to the bill of fees, together with her affidavit, and on June 7, 2018, Maxim filed its reply (DE 55; DE 56); therefore, the matter is now ripe for ruling. For the following reasons, Maxim's bill of fees will be approved in part.

In her opposition brief, Heggen rehashes her prior arguments and offers new arguments why Maxim's motion for sanctions should have been denied. (*See* DE 55 ¶ 3 ("[Plaintiff's affidavit] . . . shows that all the tape recordings she had (4) were sent to the EEOC. There are no other tapes. Plaintiff has explanations for the other so-called lies, and she explained them.")). To the extent that her opposition brief could be construed as a motion to reconsider, a motion to reconsider performs a valuable, but limited, function: "to correct manifest errors of law or fact

or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted); *see Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare" (citation omitted)). A motion to reconsider cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion," *Caisse Nationale De Credit Agricole*, 90 F.3d at 1269 (citation omitted), or "to tender new legal theories for the fist time," *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Therefore, Heggen's attempt to offer new explanations for her actions—such as alternative circumstances surrounding her departure from Interim Health Care to Maxim, or that only three or four phone recordings ever existed, rather than seven as she testified at her deposition—is unpersuasive.

Additionally, Heggen argues in her opposition brief that she does not earn enough money to pay Maxim for the amount in the bill of fees. "The burden is on the sanctioned party to show that [she] [is] unable to pay a reasonable award." *Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1366 (7th Cir. 1995) (citation omitted). In her affidavit, Heggen indicates that she is single, earns $15 an hour, and works variable hours; that her house payment is $650 a month; that her other expenses total about $500 a month; and that she "ha[s] no money left over to pay Maxim for [s]anctions." (DE 55-1 ¶ 2). Heggen, however, fails to carry her burden of showing that she is unable to pay the amount in the bill of fees. While Heggen generally describes her income and expenses in her affidavit, she fails to produce any evidence of her assets. *See, e.g., Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006) (stating that a party who asserts it is incapable of

paying court-imposed costs "should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses"). Nor did Heggen include any information regarding her future ability to pay the amount on the bill of fees. *See id*. ("To prove her indigence, Rivera was required to show not only that she was incapable of paying court-ordered costs at the time they were imposed but also that she will be incapable of paying them in the future." (citation omitted)).

Heggen also requests that the amount sought by Maxim "be severely cut to reflect [Maxim's] limited success" in filing its motion for sanctions. (DE 55 ¶ 6). This request has more traction. Maxim's success was indeed limited with respect to its motion for sanctions. Maxim asked that the action be dismissed in its entirety as a sanction, but the Court concluded that Maxim's motion did not warrant the extreme sanction of dismissal. (DE 52). Thus, Maxim's motion was unsuccessful as to its request for dismissal. Alternatively, the Court imposed monetary sanctions based on two of Maxim's four arguments. (DE 52).

Accordingly, to apportion the bill of fees to account for Maxim's partial success, Maxim's requested amount in the bill of fees will be reduced by 25 percent—that is, from $6,825 to $5,118.75. *See* Fed. R. Civ. P. 37(a)(5)(C) (stating that if a motion is granted in part and denied in part, the court may apportion the reasonable expenses for the motion); *see, e.g.*, *David Mizer Enters., Inc. v. Nexstar Broad., Inc.*, No. 14-cv-2192, 2016 WL 4541825, at *12-13 (C.D. Ill. Aug. 31, 2016) (reducing an attorney fee request by 25 percent for plaintiff's partial success in seeking discovery sanctions). Heggen is to confer in good faith with Maxim to determine a reasonable payment schedule to pay Maxim the $5,118.75, with the first payment to commence

within 30 days of the date of this Opinion and Order.[1]

SO ORDERED.

Entered this 7th day of August 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] Heggen's opposition brief is shown as a motion on the docket, even though it was not titled as a motion. (DE 55).  To the extent that Heggen's opposition brief could be construed as a motion to reconsider, it is DENIED.